UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-10299-23-PBS

UNITED STATES OF AMERICA

v.

DANIEL AGUIIAR

### MOTION IN LIMINE

Defendant, Daniel Aguilar by counsel, would call as a defense witness Andres Martinez, a co-defendant, who has entered a guilty plea but still awaits sentencing. Daniel Aguilar files this Motion In Limine for a determination, out of the hearing of the jury, as to whether or not Martinez would testify or alternatively assert a Fifth Amendment privilege. In the event he asserts testimonial privilege Aguilar further Moves the Court for a determination under the provisions of Rule 804 (a)(1) that he is an unavailable declarant.

In such an event Aguilar would offer Martinez's former testimony or recorded statements made or adopted by Martinez at his Rule 11 proceeding. These include the following: "he sent Mr. Aguilar to the Country Side Motel to pick up two suitcases. Mr. Aguilar was not told what was in the suitcases. Those suitcases were picked up and brought to 6 Endicott Street where the defendant was." [page 3, Rule 11 Hearing 12-1-05].

When asked to enter a plea the following colloquy occurred:

> THE COURT: "So going to Count 9, do you plead guilty that on or about May 1, 2004, in Peabody, Danvers, and elsewhere in Massachusetts, that

you, Maria Escobar, Daniel Aguilar, Roberto Solorio, and Ricardo Estrada, did knowingly and intentionally possess with intent to distribute cocaine, a Schedule 2 controlled substance? Do you plead guilty to that?

MR. CICILLINE: Judge, the dispute by the defendant is that Mr. Aguilar was part of the conspiracy. He agrees with all the other --

THE COURT: All right, so putting aside Aguilar --

THE INTERPRETER: He was not part of it.

THE COURT: All right, put aside Aguilar. With respect to the others, do you plead guilty?

THE INTERPRETER: Yes."

The defendant submits that the recorded former testimony and statements adopted by Martinez are admissible pursuant to Rule 804 (a)(1) and (b)(1), Federal Rules of Evidence.

Martinez's statements exonerating Aguilar are additionally admissible as a statement against interest. Rule 804 (b)(3) states "a statement that was at the time of its making so far contrary to the defendant's pecuniary or proprietary interest, or so far tended to subject the declarant to civil or criminal liability…that a reasonable person in the declarant's position would not have made the statement unless believing it to be true. A statement tending to expose the declarant to criminal liability and offered to exculpate the accused is not admissible unless corroborating circumstances clearly indicate the trustworthiness of the statement."

Aguilar submits that here there are corroborating circumstances indicating the trustworthiness of Martinez's statements. The statements were made after the defendant

Martinez's had taken an oath, in connection with his Rule 11 proceeding. The statements were additionally made before this Court who thereby witnessed Martinez's demeanor and could make its own determination as to his credibility and the trustworthiness of what he stated. The statements additionally put at risk the Court's acceptance of Martinez's change of plea or permit the government to withdraw the plea agreement upon a determination that any false statement had been made. Martinez could be subject to the loss of any benefits contained in his plea agreement, enhanced sentencing for false statements or additional charges. His statements are clearly against his penal interest and made under circumstances which uniquely indicate their trustworthiness as a result of the corroborating circumstances. [Rule 804 (b)(3), Federal Rules of Evidence]; see also F.R.E. Rule 801 (d)(2)(B) ("statement adopted").

"[T]estimony may still be analyzed for "particularized guarantees of trustworthiness" and, if such guarantees are found, admitted into evidence." Ohio v. Roberts, 448 U.S. at 66, 100 S.Ct. 2531; *see also* Lee v. Illinois, 476 U.S. 530, 543, 106 S.Ct. 2056, 90 L.Ed.2d 514 (1896); Trigones v. Bissonnetter, 296 F.3d 1 (1st Cir. 2002 at 8).

For the aforementioned, defendant Aguilar Moves the Court for an Order In Limine.

Respectfully submitted,

Dated: February 24, 2006

/s/ Benjamin D. Entine, Esq.
77 Franklin Street
3rd Floor
Boston, MA 02110
Tel: 617-357-0440
BBO# 558533
bejdphd@earthlink.net

## Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 24th day of February, 2006.

/s/ Benjamin D. Entine, Esq.