UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | Criminal No. |
| | ) | 04-10299-PBS |
| v. | ) | |
| | ) | |
| **DANIEL AGUILAR** | ) | |
| Defendant. | ) | |

## UNITED STATES' OPPOSITION TO
## DEFENDANT AGUILAR'S MOTION IN LIMINE

The United States respectfully submits this opposition to Defendant Aguilar's motion in limine seeking admission of statements made by co-defendant Andres Martinez during Martinez' Rule 11 hearing. Specifically, defendant Aguilar seeks to introduce portions of Martinez' Rule 11 proceeding in which Martinez claimed that defendant Aguilar was not part of the cocaine conspiracy and that Aguilar was not told what was in the suitcases he was directed to retrieve at the Countryside Motel. These statements are not admissible pursuant to Fed.R.Evid. 804(b)(3)[1] because they are not statements against Martinez' interest and because there are no corroborating circumstances

---

[1] The defendant also suggests that the statements are admissible as prior testimony pursuant to Fed.R.Evid. 804(b)(1), but this rule requires that the party against whom the statement is offered must have had an opportunity in the prior proceeding to challenge the testimony by direct, cross or redirect examination. That is not the case at a Rule 11 proceeding, although the government did note that some of Martinez' comments were "contrary to the government's evidence." (Transcript at p.4.)

which "clearly indicate [their] trustworthiness." United States v. Barrett, 539 F.2d 244, 251 (1st Cir. 1976) (admissibility requires a two-prong inquiry). The second part of the analysis is necessary as "Rule 804(b)(3) reflects Congress' attempt to strike a fair balance between exclusion of trustworthy evidence...and indiscriminate admission of less trustworthy evidence which, because of the lack of opportunity for cross-examination and the absence of the declarant, is open to easy fabrication." Id. at 253.

Each remark sought to be admitted, that is, 1) that Martinez did not tell Aguilar what was in the suitcases and 2) that Aguilar was not "part of" the conspiracy, must be separately evaluated for admissibility. Williamson v. United States, 512 U.S. 594, 600-61 (1994)(construing "statement" narrowly to mean single declaration). And only self-inculpatory statements qualify for this exception to the hearsay rule. Id. ("In our view, the most faithful reading of Rule 804(b)(3) is that it does not allow admission of non-self-inculpatory statements, even if they are made within a broader narrative that is generally self-inculpatory.") Martinez' statements concerning Aguilar's lack of knowledge or participation are not self-inculpatory and are not statements against Martinez' interest. Even though the comments occurred in the context of a larger self-inculpatory narrative, that is, Martinez' guilty plea, the non-self-inculpatory parts of

the guilty plea are not admissible. That is so because the principle behind this hearsay exception, that people, even dishonest ones, do not make self-inculpatory statements unless they believe them to be true does not extend to the broader statement. As the Court noted, "[o]ne of the most effective ways to lie is to mix falsehood with truth, especially truth that seems particularly persuasive because of its self-inculpatory nature." Id. at 599-600.

The First Circuit has upheld a district court's refusal to admit a co-defendant's sentencing transcript in a nearly identical situation to the case at bar, concluding that the statement tending to exculpate the accused may not have been a statement against interest and in any event, was highly suspect since it was made by a co-defendant. United States v. Albert, 773 F.3d 386 (1st Cir. 1985). In that case, the defendant was being tried for aiding and abetting a bank robbery and sought to introduce a co-defendant's statement at sentencing that the defendant was not aware of the plan to rob the bank when he lent his car-which was used in the robbery-- to co-defendants in the case.

The First Circuit first found that the co-defendant's penal interest might not have been implicated by his statements at his own sentencing on the bank robbery charges. As the Court explained:

3

> Convicted defendants speak at allocution during sentencing procedures to help themselves, not to be sentenced to a longer term of incarceration. In this context, then, the statement itself is self-serving even to the extent that defendant admits his own criminal conduct, for he is seeking favorable treatment for himself.

Id. at 390. Even if the co-defendant's sentencing statements were considered to be against his penal interest, the First Circuit concluded that the district court was nonetheless correct to exclude the prior testimony where there were no circumstances corroborating its trustworthiness. Id., quoting United States v. Annese, 631 F.2d 1041, 1045 (1st Cir. 1980)("The base testimony of a co-defendant charged with the same crime as the one calling him as a witness is utterly devoid of corroboration. Indeed, the whole scenario argues against trustworthiness.")

Similarly here, although Martinez did admit his guilt as to his own participation in a cocaine conspiracy and acknowledged that he was expecting a shipment of cocaine to be delivered to the Countryside Motel, he agreed only that the conspiracy was responsible for distributing more than five kilograms, disputing that it involved more than fifty kilograms. Like the bank robbery defendant being sentenced in Albert, defendant Martinez' statements at his guilty plea are in some sense self-serving in that he is trying to present himself in the most positive light, even as he admits guilt to drug conspiracy charges. Moreover, the circumstances do not corroborate the trustworthiness of these

4

statements, rather, they suggest the opposite.  Defendant Aguilar is Martinez' friend, who came to Massachusetts at Martinez' request.  The government submits that the circumstances suggest that Martinez is motivated out of concern that he ensnared a friend to participate in a drug conspiracy and that these statements are inherently untrustworthy and unreliable.  They should not be admitted.

For the foregoing reasons, the United States requests that defendant Aguilar's Motion in Limine be denied.

                             Respectfully submitted,

                             MICHAEL J. SULLIVAN
                             United States Attorney
               BY:
                             /s/ Sandra S. Bower
                             SANDRA S. BOWER
                             NEIL J. GALLAGHER, Jr.
                             Assistant U.S. Attorneys
                             1 Courthouse Way, Suite 9200
                             Boston, MA 02210
                             (617)748-3184

## Certificate of Service

I hereby certify that this document, filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on February 27, 2006.

                             /s/ Sandra S. Bower
                             SANDRA S. BOWER
                             Assistant U.S. Attorney