UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

DOCKET NO. 04-10299-23-PBS

UNITED STATES OF AMERICA

v.

DANIEL AGUILAR

**DEFENDANT, DANIEL AGUILAR'S, SENTENCING MEMORANDUM**

Defendant respectfully submits this memorandum in order to provide information to assist the Court in fashioning a sentence "sufficient but not greater than necessary" to achieve the statutory purposes of punishment, as required by 18 U.S.C. § 3553(a) in light of United States v, Booker, 125 S.Ct. 738 (2005).

Booker restored the district court's ability to fashion a sentence tailored to the individual circumstances of the case and defendant by requiring courts to consider factors other than the sentencing range prescribed by the United States Sentencing Guidelines. Under Section 3553(a), sentence below the range is warranted if such would be sufficient to achieve the varied purposes of sentencing and punishment.

Defendant, Daniel Aguilar, by his attorney, submits that a fair and just sentence[1] for him is 60 months or less imprisonment and no fine due to his present lack of resources. Defendant additionally requests a recommendation to the Bureau of Prisons that he would serve his sentence at FCI Bastrop, located in Texas, so defendant would be able to visit with his wife and children.

Procedural Background:

---

[1] Defendant has requested a proffer to satisfy the safety valve provision of United States Sentencing Guidelines § 5C1.2.

On March 24, 2004, the defendant entered the United States on a visitor's visa. On May 1, 2004 defendant was arrested and charged. He was found guilty on May 7, 2006 of Counts 1 and 9 of the Superceding Indictment which charged him with conspiracy to possess with intent to distribute cocaine and possession with intent to distribute five kilograms of more of cocaine. This indictment alleged the participation of 27 defendants from January 2001 to May 1, 2004.

Sentencing Factors:

Defendant submits that his role in the conspiracy was a minimal to a minor role. In the original indictment the conspiracy allegedly began in January, 2001, which is three years, three months and twenty-four days, before Aguilar's entry. Defendant took possession of two suitcases and delivered them, under orders, to Andres Martinez. Defendant was not intercepted on telephone wiretaps setting up the exchange nor did he deliver any money for exchange of the suitcases containing the drugs. Defendant did not know all those involved in the conspiracy, nor did he know the range of their activities in the structure of the enterprise. Mr. Aguilar's role was limited to the transporting of the two suitcases on one occasion, as directed, a little more than one month following his appearance. In U.S. v. Santos, 357 F.3d 136 (1st Cir. 2004) A minimal participant was defined as "someone who played no other role in a very large smuggling operation than to offload part of a single marijuana shipment."

Under U.S.S.G. § 3B1.2, *application note 4*, a minimal participant is described as someone who is "plainly among the least culpable of those involved in the conduct of a group. Under this provision, the defendant's lack of knowledge or understanding of the scope and structure of the enterprise and of the activities of others is indicative of a role

as minimal participant." Aguilar is clearly among the least culpable of the co-conspirators.

On March 13, 2005 defendant was named in a Second Superceding Indictment charging Count 1, Conspiracy to Possess with Intent to Distribute Cocaine and Count 9, Possession with Intent to Distribute Five Kilograms or more of Cocaine.

Defendant's Character:

Mr. Aguilar is the father of three children, two from a second marriage. His wife is a homemaker and has obtained employment while trying to care for the children, due to Mr. Aguilar's incarceration. Mr. Aguilar is a devoted father and has always supported his family. When Mr. Aguilar entered the United States in March, 2004 from Mexico he continually maintained contact by telephone with his wife and children until his incarceration. He and have family suffered as a result of the exceptional circumstances resulting from his involvement in this Court. Mr. Aguilar was also attending college in Mexico, studying psychology. He left school and stepped into his father's job, when his father became ill. Mr. Aguilar continued to work at a newspaper distribution facility and then because a parking valet and then cab driver, showing a continuous history of legitimate employment.

In contrast, Mr. Aguilar does not have a criminal history and had no prior experience in drug related matters.

Conclusion

WHEREFORE, the defendant, Daniel Aguilar, by counsel, requests this Honorable Court to fashion a sentence "sufficient but not greater than necessary". He is safety valve eligible and has requested an opportunity to present a proffer so as to

complete those requirements. Appropriate sentencing would include a term of no more than 60 months or less imprisonment, no fine due to his present lack of resources and a recommendation to the Bureau of Prisons to be incarcerated in a facility where his family can visit him.

Dated: June 6, 2006

Respectfully submitted,
/s/ Benjamin D. Entine, Esq.
77 Franklin Street
3rd Floor
Boston, MA 02110
Tel: 617-357-0440
BBO# 558533
bejdphd@earthlink.net

Certificate of Service

I hereby certify that this document(s) filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non registered participants on this 6th day of June, 2006.

/s/ Benjamin D. Entine, Esq.