# MANDATE

# United States Court of Appeals
## For the First Circuit

No. 06-2302

UNITED STATES,

Appellee,

v.

DANIEL AGUILAR,

Defendant, Appellant.

Before

Lynch, Circuit Judge,
Campbell and Selya, Senior Circuit Judges.

**JUDGMENT**
**Entered: May 24, 2007**

After a jury trial in the United States District Court for the District of Massachusetts, defendant-appellant Daniel Aguilar was convicted for his part in a cocaine conspiracy. He challenges the sufficiency of the evidence supporting his conviction. He also challenges the district court's decision to exclude from evidence an exculpatory statement in his favor made during the plea colloquy of another participant in the conspiracy. The government has moved for summary disposition pursuant to this court's Local Rule 27.0. Aguilar opposes, but the submittals before us are sufficient to decide the case with full attention to the merits.

Aguilar presented an 'innocent courier' defense at trial, arguing that he was duped into unwittingly taking delivery of cocaine. However, transcriptions of intercepted cellular telephone calls between Aguilar and another participant, Andres Martinez, raise a strong inference that both men were knowingly talking about a cocaine delivery in coded language, referring to the 'cleaning' and 'ironing' of 'clothing' under improbable circumstances. For instance, after taking possession of two suitcases packed with

cocaine, Aguilar reported to Martinez that the "clothing" was "very clean already," even though there were no actual clothes in the suitcases about which he could make such an observation. Also, the logistics surrounding the purported act of picking up a couple of suitcases with clothes inside were shown to be almost absurdly complex. The evidence was sufficient to go to a jury.

During his own plea of guilty, Martinez, under oath, denied that Aguilar was part of the cocaine conspiracy. Aguilar proffered this statement at trial as an exculpatory declaration against interest under Rule 804(b)(3) of the Federal Rules of Evidence. The district court had serious reservations about the declarant's lack of candor during his plea hearings, and decided that the corroborating circumstances for the exculpatory statement were inadequate. We see no reason to substitute our judgment for that of the district court. See United States v. Barrett, 539 F.2d 244, 253 (1st Cir. 1976). Neither the fact that Martinez made the declaration under oath, nor the possibility that a false statement could have counted against him at sentencing, compel a finding that the corroboration requirement of Rule 804(b)(3) was satisfied.

Pursuant to this court's Local Rule 27.0, the judgment is summarily affirmed.

By the Court:

Richard Cushing Donovan, Clerk.

Certified and Issued as Mandate
under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 6/14/07

MARGARET CARTER
By: _____
    Chief Deputy Clerk.

[cc: Benjamin D. Entine, Esq., Mary A. Azzarito, Esq., Neil J. Gallagher, AUSA, Sandra S. Bower, AUSA, Dina Michael Chaitowitz, AUSA, Randall E. Kromm, AUSA, Daniel Aguilar]